# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC M. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>T. AMAY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01332-AWI-EPG (PC)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST TO SEAL DOCUMENTS**<br><br>(ECF No. 18) |

Eric M. Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2017, Plaintiff commenced this action by the filing of a Complaint alleging, among other things, that Dr. Bunn, Teresita Amay, Ph.D., and Navdeep Baath Ph.D. ("Defendants") denied him Wellbutrin despite his having a medical need for the medication. (ECF No. 1). On December 29, 2017, the Court screened the Complaint, and found that it states cognizable claims against Defendants for deliberate indifference to serious medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. (ECF No. 8).

On February 1, 2018, Plaintiff filed an emergency motion requesting a temporary restraining order. (ECF No. 13). Plaintiff contends that his prescription for Wellbutrin expired on February 15, 2017, and requests that the Court directs California Department of Corrections and Rehabilitation to immediately renew his prescription for Wellbutrin. *Id.*

1

On March 20, 2018, Defendants filed their opposition to the emergency motion. (ECF No. 19). Defendants also filed a request to seal certain exhibits attached to their opposition. (ECF No. 18).

Federal Rules of Civil Procedure 5.2(d) provides that the Court may order that a filing be made under seal without redaction. In turn, Local Rule 141 provides, "Documents may be sealed only by written order of the Court, upon the showing required by applicable law."

As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure. *See id.* at 1178–79.

The Ninth Circuit has determined that the public's interest in documents filed with non-dispositive motions is relatively lower than its interest in documents at trial or attached to a dispositive motion. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Thus, a party seeking to seal documents attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing. *Id.* (applying "good cause" standard in the case of non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action.") (internal quotations and citations to omitted).

Here, Defendants seek to seal exhibits proffered in opposition to a non-dispositive motion. Defendants must thus demonstrate good cause to justify sealing the exhibits. Defendants argue that Exhibits A-F to the Declaration of A. Bunn and Exhibits A-B to the Declaration of R. Singh in support of Defendants' opposition to the emergency motion comprise Plaintiff's mental health records. Defendants further contend that the exhibits include information shared by Plaintiff with

psychotherapists regarding family, security issues, and general mental health disclosures in which Plaintiff maintains a right to privacy. (ECF No. 18).

The Court finds that the medical records contain additional information that does not implicate the alleged constitutional deprivation at issue in this case. Accordingly, Defendants have established good cause to file the exhibits under seal at this time.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' request to seal documents, (ECF No. 18), is GRANTED; and
2. The Clerk of Court is directed to file the following exhibits under seal:
   - Exhibits A-F to the Declaration of A. Bunn in Support of Defendants' Opposition to Motion Requesting a Temporary Restraining Order, and
   - Exhibits A-B to the Declaration of R. Singh in Support of Defendants' Opposition to Motion Requesting a Temporary Restraining Order.

IT IS SO ORDERED.

Dated: **March 27, 2018**            /s/ Erin P. Gross
                                   UNITED STATES MAGISTRATE JUDGE