# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

ERIC M. WILLIAMS,

                Plaintiff,

v.

T. AMAY, *et al.,*

                Defendants.

Case No. 1:17-cv-01332-AWI-EPG (PC)

**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED**

(ECF No. 13)

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS**

The Court has before it the motion for a temporary restraining order filed by Plaintiff, Eric M. Williams. For the reasons discussed below, the Court recommends that the Motion for Temporary Restraining Order (ECF No. 13), which the Court construes as requesting a preliminary injunction, be denied.

**I.  Background**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2017, Plaintiff commenced this action by the filing of a Complaint alleging, among other things, that Defendants denied him Wellbutrin even though he has a medical need for the medication, and that they denied him Wellbutrin in retaliation for his verbal conduct of asserting his need for Wellbutrin and asserting his rights

under prison regulations. (ECF No. 1.) On December 29, 2017, the Court screened the Complaint, and found that it states cognizable claims against Defendants for deliberate indifference to serious medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. (ECF No. 8.)

On February 1, 2018, Plaintiff filed a motion requesting a temporary restraining order. (ECF No. 13.) Plaintiff contends in his motion that his prescription for Wellbutrin expired on February 15, 2017, and requests the Court direct the California Department of Corrections and Rehabilitation ("CDCR") to immediately renew his prescription for Wellbutrin. (*Id.*) Defendants oppose the motion. (ECF Nos. 19, 25, 26.)

## II.    Allegations in Complaint

The Complaint alleges that Plaintiff suffers from severe episodes of depression that may lead him to commit suicide, that he has attempted suicide in the recent past, that the prescription drug Wellbutrin "cures" Plaintiff's depression and dismisses his thoughts of suicidal ideation, that alternative medications do not work and have negative side effects, and that Plaintiff's life thus depends on receiving Wellbutrin. (ECF No. 1 at 4-5.)

Plaintiff alleges that he was prescribed Wellbutrin to treat his depression and suicidal ideation. Wellbutrin is effective and cures Plaintiff's depression and dismisses his thoughts of suicidal ideation. (*Id.*) Plaintiff has a documented therapeutic failure with the formulary alternatives to Wellbutrin, including Prozac, Celexa, Remeron, Paxil, Lexapro, Effexor, and Trazadone, and has had negative side effects from these alternatives. (*Id.*) Thus, Plaintiff has a serious medical need for Wellbutrin.

Plaintiff alleges that Defendants have denied his requests for Wellbutrin even though he has a serious medical need for that medication. Plaintiff alleges that by denying him access to Wellbutrin, Defendants have acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff also alleges that Defendants have withheld Wellbutrin from him in retaliation for his conduct of requesting/insisting on being prescribed Wellbutrin, attempting to explain his need for Wellbutrin and why alternative medications are insufficient and do not work, and

2

asserting his rights under Title 15 of the California Correctional Regulations. (*Id.*)

Defendant Dr. Baath, a prison psychiatrist, has repeatedly prescribed Wellbutrin to treat Plaintiff's depression. On February 9, 2017, Defendant Dr. Baath submitted a drug request for Plaintiff to receive Wellbutrin. However, Defendant Dr. Bunn, who is Dr. Baath's superior, denied the drug request. Dr. Bunn, who has never met with, examined, or had any other personal contact with Plaintiff, thus overrode the prescription recommendation of Dr. Baath, who examined and has been treating Plaintiff.

Plaintiff sought to discuss his need for Wellbutrin with Defendant Dr. Amay. Plaintiff attempted to explain to Dr. Amay that Plaintiff had tried alternative medications for his depression but the alternatives did not work and resulted in negative side effects. Plaintiff also tried to discuss with Dr. Amay the requirements of, and Plaintiff's rights under, Title 15 of the California Correction Regulations ("CCRs"). Dr. Amay responded, "Shut up you drug addict, you are not getting any Wellbutrin, now go back to your cell." (ECF No. 1 at 4.)

Defendants—Dr. Baath, Dr. Amay, and Dr. Bunn—subsequently had a meeting to discuss Plaintiff's request for Wellbutrin. At this meeting, Defendants raised the issue of Plaintiff citing regulations in support of his request for Wellbutrin. Defendants did not like Plaintiff's presentation, his lack of cooperation, and his assertion of his rights under Title 15 of the CCRs. Defendants decided to deny Plaintiff the medication Wellbutrin in retaliation for Plaintiff's conduct. (*Id.* at 5; *see also id.* at 7 (document indicating that Defendants Baath, Amay, and Bunn met regarding Plaintiff's request for Wellbutrin, and stating: "Given his presentation with me and Dr. Amay and his non-cooperation with the process for the approval of non-formulary medication it was decided that we will not be able to approve his Wellbutrin at this time.").)

Plaintiff alleges that the consultation meeting between Defendants was not "about the recommended course of treatment or [Plaintiff's] request for Wellbutrin," but was instead "actually about how Dr. Amay despised" Plaintiff, his presentation and his lack of cooperation, and so that Dr. Amay and Dr. Baath "could convince Dr. Bunn to deny the Wellbutrin" as retaliation for Plaintiff's "exercising his First Amendment right of 'freedom of speach [sic].'"

3

(*Id.* at 4.)

**III.     Motion for Temporary Restraining Order**

In his motion for a temporary restraining order ("TRO"), Plaintiff requests that CDCR health care department, Dr. Baath, Dr. Amay, and Dr. Bunn be restrained from denying Plaintiff the Wellbutrin he was prescribed and that the CDCR health care staff be instructed or ordered to immediately renew his prescribed Wellbutrin, which expired on February 15, 2017. (ECF No. 13.) Plaintiff contends that this is an emergency situation because he suffers "severe episodes of depression every day, which may lead to plaintiff committing suicide" and that he "has made attempts at suicide in the past." (*Id.*)

A TRO is intended to maintain the status quo until all parties have been provided with notice and an opportunity to be heard on whether a preliminary injunction should be issued. Here, because Defendants were provided with notice and an opportunity to be heard, Plaintiff's motion will be considered a motion for a preliminary injunction rather than a TRO.

A preliminary injunction, like a TRO, is intended to preserve the relative positions of the parties until a hearing or trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Requests for prospective relief, such as a TRO or preliminary injunction, are also limited by the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In addressing a request for prospective relief, the Court is bound by the requirements of personal jurisdiction and may not attempt to determine the rights of persons not before it. *Zepeda v. U.S.I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Here, Plaintiff seeks to have the Court issue an order requiring the CDCR health care department to provide Plaintiff with Wellbutrin. Neither CDCR nor the CDCR health care department is a party to this action. Therefore, the Court lacks jurisdiction to grant a preliminary injunction against either CDCR or the CDCR health department. *See Zepeda*, 753 F.2d at 727.

Further, as pointed out by Defendants, Plaintiff is now housed at the Substance Abuse Treatment Facility at Corcoran ("SATF"). Defendants are not located at SATF, but are instead located at Duele Vocational Institute (Dr. Bunn and Dr. Baath) and Mule Creek State Prison (Dr. Amay). Neither SATF nor any SATF official is a party to this action. Thus, the Court does not have jurisdiction to issue an order requiring SATF or SATF officials to provide Plaintiff with Wellbutrin. *See Zepeda*, 753 F.2d at 727.

Finally, Plaintiff has not established that he will suffer irreparable harm if he is not prescribed Wellbutrin while this case is pending.

The exhibits provided by Defendants under seal include numerous mental health care reports, including ones from February 2017, March 2017, April 2017, October 2017, January 2018, and February 2018. Plaintiff filed his motion for TRO/Preliminary Injunction on February 1, 2018, and contends in his motion that his prescription for Wellbutrin expired on February 15, 2017. The most recent medical records provided by Defendants were from an examination on February 20, 2018, after Plaintiff filed his motion for TRO/Preliminary Injunction, and over a year after he had been taken off Wellbutrin. The most recent report, as well as the other mental health care reports, indicates that Plaintiff reported that he is not suicidal and does not have any current suicidal ideation; and that he has never been suicidal (although at other points he inconsistently claims that in the past he has been suicidal and/or attempted suicide). (*See* ECF Nos. 25, 26.) These reports also indicate that although Plaintiff suffers from depression, he was being treated for the depression, was regularly seen by prison

psychiatrists and psychologists and, as of February 20, 2018, was not reporting any suicidal ideation and was deemed to be at low acute risk of suicide, and at moderate chronic risk. (*See id.*)

The Court notes, however, that Plaintiff also reported in March 2017, "If I was going to kill myself, I wouldn't tell anyone because I don't want to be consoled," and that since being taken off Wellbutrin, his depression had worsened due to the discontinuation of Wellbutrin and a "string of traumatic events." (ECF No. 26 at 16.)

Plaintiff has not provided a reply or evidence to contradict the information provided by Defendants.

Based on the evidence before it, the Court finds, solely for the purpose of addressing Plaintiff's motion for injunctive relief, that as of late February 2018, after Plaintiff filed his motion, he was at low acute risk of suicide, and at moderate chronic risk; he did not have any current suicidal ideation; and was receiving some form of treatment for his depression.

Accordingly, Plaintiff has not met his burden of establishing that the extraordinary remedy of a preliminary injunction is appropriate here, and the motion should be denied. *Winter*, 555 U.S. at 20 (plaintiff seeking preliminary injunctive relief "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief").

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED the Plaintiff's Motion for Temporary Restraining Order (ECF No. 13) be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **fourteen (14) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections.

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 29, 2018**__        /s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE